[No. 7,741.—Department One.]

## C. E. SHERMAN v. COUNTY OF SANTA BARBARA.

FEES OF OFFICE—SHERIFF—MILEAGE.—The Sheriff charged, and the Court below (in an action against the county), held he was entitled to receive, thirty-one dollars and fifty cents for taking each of five prisoners from the same Magistrate to the County Jail—a distance of one hundred and five miles.

*Held:* Under the provisions of the Act "to regulate fees of office," etc. (Stat. 1869–70, 148), the plaintiff was entitled to charge mileage for each service in all cases, except those specified in the proviso; namely, those of jurors and witnesses.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of Santa Barbara. HATCH, J.

*Thomas McNulta,* for Appellant.

*W. C. Stratton,* for Respondent.

McKINSTRY, J.:

The only matter in dispute in this case is as to the construction of a clause of the Act "to regulate fees of office," etc. (Stat. 1869–70, 148.) The Sheriff is thereby allowed to charge: "For every mile necessarily traveled, in going only, in executing any warrant of arrest, subpœna, or *venire,* bringing up a prisoner on *habeas corpus,* taking prisoners before a magistrate or to prison, or for mileage in any criminal case or proceeding; *provided,* that in serving a subpœna or *venire,* where two or more jurors or witnesses live in the same direction, but one mileage shall be charged, thirty cents."

The Sheriff charged (and the Court below held he was entitled to receive) thirty-one dollars and fifty cents for taking each of five prisoners from the same Magistrate to the County Jail—a distance of one hundred and five miles.

"A proviso," says Dwarris, "is something engrafted upon a preceding enactment, for the purpose of taking special cases out of the general enactment, and providing specially for them." The term, from its origin, suggests the employment of *prevision;* as if the Legislature had declared "look out for"—see that the general words of the enacting clause shall not have a particular effect. Hence, "on condition

that;" and a proviso implies that the general clause shall have no effect, except upon condition that the proviso be also given effect. There is a technical rule of pleading which distinguishes between provisos and *exceptions* in the purview or enacting clause of an act. But a proviso, like that contained in the statute we are considering, as broadly separates the service of subpœnas and *venires* from the duties mentioned in the enacting clause, as if the exceptions were inserted in the purview. It lays down a special rule as to them, for the very purpose of limiting the charge to a single *mileage*, and because, except for the proviso, the Sheriff, under the rule of the enacting clause, would be entitled to charge for each witness and juryman. Thus the principle of the maxim, "*expressio unius*," etc., applies.

Judgment affirmed.

MORRISON, C. J., and ROSS, J., concurred.