[Civil No. 399.   Filed January 17, 1894.]

[37 Pac. 22.]

## GILA COUNTY, Defendant and Appellant, v. JAMES H. THOMPSON, Sheriff, Plaintiff and Appellee.

1. OFFICE AND OFFICERS—SHERIFF—FEES—MILEAGE FOR PRISONER—REV. STATS. ARIZ. 1887, PAR. 1972, CONSTRUED—YAVAPAI CO. v. O'NEILL, 3 ARIZ. 363, 29 PAC. 430, CITED.—There is nothing in the Fee and Salary Act, *supra*, authorizing any charge to be made for mileage for a prisoner while in charge of an officer under a warrant of arrest. *Yavapai Co.* v. *O'Neill, supra,* cited.

2. SAME—SAME—SAME—MILEAGE FOR EXECUTING CRIMINAL PROCESS—REV. STATS. ARIZ. 1887, PAR. 1972, CONSTRUED—YAVAPAI CO. v. O'NEILL, 3 ARIZ. 363, 29 PAC. 430, FOLLOWED.—Under the Fee and

Salary Act, *supra,* an officer is allowed "for each .mile he may be compelled to travel in executing criminal process, . . . to be be charged one way only, thirty cents." To execute a warrant of arrest, an officer must not only arrest, but must remove the prisoner from the place of arrest to the court wherein the writ issued, and the officer is entitled to mileage not merely to the place of arrest but until he has brought his prisoner to the place named in the writ. *Yavapai Co.* v. *O'Neill, supra,* followed.

BAKER, J., dissenting.

3. SAME — SAME — SAME — DEMAND — ALLOWANCE — ACCEPTANCE PRE-CLUDES FURTHER CLAIM — REV. STATS. ARIZ. 1887, PAR. 414, CONSTRUED—YAVAPAI CO. v. O'NEILL, 3 ARIZ. 363, 29 PAC. 430, FOL-LOWED.—Where the sheriff made out and presented his claim in the first instance for a less amount than he was entitled to receive, which was allowed by the board and accepted by him, he cannot, under the statute *supra,* make a subsequent demand for an additional allowance on the same demand. And if, in the first instance, he had made out a claim for the full amount of mileage which he was entitled to receive, but was allowed by the board only a part of his demand, his acceptance of such part precluded him, under said statute, *supra,* from bringing any action for the balance. *Yavapai Co.* v. *O'Neill, supra,* cited.

HAWKINS, J., dissenting.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Gila. Owen T. Rouse, Judge. Reversed.

The facts are stated in the opinion.

P. T. Robertson, District Attorney, and Cox & Street, for Appellant.

E. J. Edwards, for Appellee.

SLOAN, J.—This suit was brought in the district court of Gila County by J. H. Thompson, sheriff of said county, against said county, to recover upon an account for services as sheriff rendered in certain criminal cases, which account had been previously presented to the board of supervisors of said county, and by said board disallowed. Judgment was rendered in the court below for the plaintiff in the suit, from which judgment the county appeals.

The items of the account which were allowed by the court, and for which judgment was given are with one exception

similar in form and pertain to the same kind of service. Just what kind of service under the "Fee Act" these items were intended to include is somewhat difficult of ascertainment. The first item appearing in the account is as follows: "May 3. Territory vs. Zack Booth et als. To mileage, 150, for prisoner, from Phœnix, place of arrest, to Globe, @ 30 cts., $45." This item of the account appears upon its face to be an attempt to charge mileage against the county for the prisoner, the distance the latter traveled, presumptively, while in charge of the plaintiff, under a warrant of arrest, in going from Phœnix, the place of arrest, to Globe, the latter place presumably the place from whence the warrant was issued. There is nothing in the Fee and Salary Act authorizing any charge to be made for mileage for a prisoner while in charge of an officer under a warrant of arrest. The officer is allowed mileage "for removing a prisoner"; but as was held by this court in *Yavapai County* v. *O'Neill*, 3 Ariz. 363, 29 Pac. 430, "removing a prisoner cannot be construed as meaning the taking of a prisoner after arrest to the place named in the warrant. It cannot therefore be, nor has it been contended, that the charge is made under the latter provision of the statute. It was evidently assumed in the court below that the charge was one for mileage for the sheriff in executing a warrant of arrest. It is impossible without doing violence to the language used to give such a construction to the account. We will assume, however, this to be the meaning and effect of the account, so far as it relates to the item above set forth. An officer is allowed "for each mile he may be compelled to travel in executing criminal process, . . . to be charged one way only, thirty cents." As was said by this court in the O'Neill case, "to execute criminal process . . . is to do what is in the writ commanded. A warrant of arrest in the form prescribed by our Penal Code not only commands the arrest, but also the bringing of the prisoner to the place of holding the court whence the warrant issued. To execute, therefore, a warrant, the officer must not only arrest, but remove the prisoner from the place of arrest to the court whence the writ issued." Logically, therefore, the officer is entitled to mileage not merely to the place of effecting the arrest, but, in addition, actual mileage, until he has completely executed the writ; that is, brought his prisoner to the court or place named in

the writ. The plaintiff, however, may not in this action recover under the latter provision of the statute. It was admitted upon the trial of the case that plaintiff had, before suit, been by the board of supervisors allowed and paid mileage in executing the warrant of arrest for the defendant Zack Booth for the distance of one hundred and fifty miles, counting from the county seat of Gila County to Phœnix, the place of arrest. It does not appear whether the plaintiff presented a claim to the board for more than the one hundred and fifty miles or not. It is immaterial so far as his right to recover in this action. A claim for mileage for executing any writ constitutes but a single demand against the county. The officer, in presenting it to the board for allowance, has no right to separate it into bits. If, therefore, the plaintiff made out his claim and presented it in the first instance for a less amount than he was entitled to receive, which was allowed him by the board and accepted by him, he ought not, nor can he, under the statute, make a subsequent demand for an additional allowance upon the same demand. Rev. Stats., par. 414. If, however, he had in the first instance made out a claim for the full amount of mileage which he was entitled to receive, but was allowed by the board only a part of his demand, his acceptance of such part precluded him, under said statute, from bringing any action for the balance. *Yavapai County* v. *O'Neill, supra.*

What we have said of the one item above set forth applies equally to the other items of the account allowed by the court below, with but one exception. There is a charge made in the account reading as follows: "Feb. 2d. To transportation for Benbrook, special guard, San Carlos to Globe, $5." Inasmuch as this item is of the same date and appears in the account in connection with the charge made for mileage of a prisoner from San Carlos, place of arrest, to Globe, we infer that the expense of this special guard was incurred by the plaintiff in taking the prisoner from the place of his arrest to Globe. The facts, as admitted upon the trial, show that the sheriff was allowed by the board and paid for the expenses of transporting this prisoner, including a *per diem* and transportation of the guard. It is clear, therefore, that this is another attempt to sue for a part of a claim disallowed by the board after accepting payment for the amount of the claim

which was allowed. As we have before said, this cannot be permitted under the statute.

Upon no possible construction of plaintiff's account against the county, as the same is made out and sued upon, nor of the statute pertaining to fees to be paid the sheriff in executing criminal process, is the plaintiff entitled to recover, under the facts of this case, upon any of the items of the account allowed by the court below in the judgment. The judgment of the court below is therefore reversed, and judgment will be entered in this court for the appellant for costs.

BAKER, C. J.—I agree that the judgment of the lower court be reversed. I put it upon the ground that the sheriff ought not to recover upon any theory of the case. He cannot recover mileage for the prisoner, because no possible reading of the fee bill will authorize any allowance to the sheriff on account of that. This is conceded. If the item sued upon is to be understood as a charge for mileage for the sheriff, he should not recover, because the statute allows him mileage one way only in serving criminal process, and this, the record shows, has already been paid him. He has been paid for going to the place of arrest.

I dissent from so much of the opinion as approves of the case quoted,—*Yavapai County* v. *O'Neill*, 3 Ariz. 363, 29 Pac. 430. That case should be expressly overruled. It holds that a sheriff is entitled to mileage for going to the place of arrest as well as for mileage in returning with the prisoner to the court; and the reason given is, that to execute a warrant of arrest is to do what it commands,—return the prisoner to court. Thus the sheriff is paid mileage two ways,—going and coming. The fee bill for sheriffs is as follows: "For removing a prisoner, for each mile necessarily traveled, to be charged one way only, thirty cents, and for each guard the same. Insane persons are prisoners within the meaning of this act. For each mile he may be compelled to travel in executing criminal process, summoning or attaching witnesses, to be charged one way only, thirty cents." Rev. Stats., par. 1972, subd. 7. The legislature had in view but a single object in passing this law, and that was to fix a rate of compensation to the sheriff for executing criminal process, and not to define what should or should not constitute a complete execution

of that process. In its interpretation, the legislative purpose should be kept steadily in view. It is true that in one sense a warrant of arrest is not fully executed until the prisoner is arrested and brought into court, but it is not a necessary consequence that the measure for the sheriff's pay be fixed at both ways; that is, for going to the place of arrest and returning with the prisoner. For instance, suppose it be determined to allow him pay at the rate of fifteen cents per mile for the whole distance traveled; is not the same result accomplished when he is allowed thirty cents per mile for one way only? This is just what the lawmaker intended in this particular subdivision. There is indeed in this law an idea that the sheriff in executing the process will travel two ways,—that is, he will go to the place of arrest, and return with the prisoner, —but that idea is found in the very expression which limits the pay of the sheriff to one way only. In the sense of compensation, the warrant is fully executed when the prisoner is arrested. It seems to me as if this conclusion is firmly established when we come to look at the law as it stood prior to the passage of the subdivision. The law governing sheriffs' fees for executing criminal process then stood as follows: "For making an arrest, $2.00. For each mile necessarily traveled, counted both ways from the court house of the county, for each mile, twenty cents." Laws 1883, p. 225. The legislature was in full view of this act when the present law was passed; and it is apparent that the intent was to reduce the price or charge per mile for the travel, and to change the method of counting the mileage; that is, instead of counting both ways traveled, and allowing twenty cents per mile therefor, as the old law plainly provided, the new law allows thirty cents per mile, counting one way traveled only. I think the above interpretation (it is a question of interpretation, and not of construction) is the true one. In *Yavapai County* v. *O'Neill, supra,* the court, in construing the subdivision, erroneously forced extraneous matter into the text; that is, what is required to constitute a complete execution of criminal process. This violates the well-known rule of construction that we are confined to the elements stated in the text. Lieber's Hermeneutics (Hammond's ed.), 44, 137. For these reasons I dissent in the particular above stated, and think *Yavapai County* v. *O'Neill, supra,* ought to be reversed.

HAWKINS, J., dissenting.—I dissent. I am of the opinion that the sheriff, if the bill had been properly made out, would be entitled to mileage for himself until the service of the writ was complete. The case seemed to me to have been tried on that theory, and that while the account read "for prisoner," it really meant "for the sheriff for taking the prisoner" from the place arrested to the place of trial. And that appearing to me to do no violence to construction of the manner the account was worded, the judgment ought to stand against the appellant.