[Civil No. 975.    Filed March 23, 1907.]

[89 Pac. 543.]

THE COUNTY OF COCONINO, Plaintiff and Appellant, v. THE BOARD OF SUPERVISORS OF COCONINO COUNTY, ARIZONA, Composed of R. H. CAMERON, et al., Defendants and Appellees.

1. CRIMINAL PROCESS—FEES—REV. STATS. 1901, PAR. 2000.—Where payment has been made of fees under authority of decided cases, protection should be awarded on the ground that such payments were made under authority of such expressions and not without warrant of law.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Coconino. Richard E. Sloan, Judge.    Affirmed.

The facts are stated in the opinion.

Henry F. Ashurst, District Attorney of Coconino County, and Thos. A. Flynn, Assistant District Attorney, for Appellant.

Edward M. Doe, for Appellees.

PER CURIAM.—The sheriff of Coconino county presented to the board of supervisors a demand for official fees, includ-

ing items for mileage in the execution of warrants of arrest based upon a charge for the total number of miles traveled by him, both to the place of arrest and in returning to the county seat with the prisoners. The demand being paid in due course by the county treasurer, this action was brought against the board of supervisors and the sheriff to recover these fees for mileage, on the ground that they were illegally allowed and paid. A general demurrer to the complaint was sustained, and, from the judgment thereon entered for the defendants, the plaintiff has appealed.

The question involved in the determination of this appeal is the proper interpretation to be given to the words "to be charged one way only," in the following sentence in paragraph 2600 of the Revised Statutes of 1901, fixing the fees of sheriffs, to wit: "For each mile the officer is actually and necessarily compelled to travel in executing criminal process, summoning or attaching witnesses, to be charged one way only, thirty cents." The appellant contends that the sheriff may receive fees for the mileage actually and necessarily traveled to the place of arrest only. The appellees contend that such mileage should be paid for the distance traveled until the warrant is completely executed by disposing of the prisoner as the warrant directs, and that this construction is now the rule of this court as established in the cases of *Yavapai Co.* v. *O'Neill,* 3 Ariz. 363, 29 Pac. 430, and *Gila Co.* v. *Thompson,* 4 Ariz. 180, 37 Pac. 22. The latter construction is the one adopted by the lower court.

The members of the court sitting are all of opinion that the judgment of the lower court should be affirmed, but are not in accord in their reasons therefor. The Chief Justice and Mr. Justice Doan are of the opinion that the point here involved was not before the court for decision in either the Yavapai or Gila County cases, and therefore that the doctrine of *"stare decisis"* may not be invoked; but they agree substantially with the views of the court as therein expressed, to the effect that the sheriff is entitled to mileage, not only to the place of making the arrest, but for the number of miles actually and necessarily traveled in making the disposition of the prisoner required by the warrant. Mr. Justice Campbell is of opinion that the point was before the court, and was expressly adjudicated in the Yavapai County case, and that by virtue of this adjudication the appellees should be protected in the allowance of fees as made; but that the adjudica-

tion there made, and the expression in the Gila County case upon this point, should be formally disapproved. Mr. Justice Nave concurs with the Chief Justice and Mr. Justice Doan in the view that the matter in question was not determined in the Yavapai and Gila County cases, and with Mr. Justice Campbell that the expressions in those cases upon the point should be disapproved; but holds that, inasmuch as the board of supervisors have awarded mileage under the authority of such expressions, they should not now be chargeable with the amount of the fees as if allowed erroneously and without warrant of law. Inasmuch as a majority of the members of the court are not in accord in their reasons for affirmance, an opinion setting forth at length the several grounds and reasons for the conclusions reached would be but an expression of a minority of the court, and would serve no useful purpose; and none, therefore, will be given.

The judgment of the district court is affirmed.

SLOAN, J., having tried the case in the court below, not sitting.