[Civil No. 1395.   Filed March 1, 1915.]

[145 Pac. 884.]

J. D. ADAMS, as Sheriff of Maricopa County, Appellant, v. MARICOPA COUNTY, a Municipal Corporation, Appellee.

PRISONS—COMPENSATION FOR KEEPING PRISONERS—OFFICERS—SALARIES. Under Constitution, article 12, section 4, authorizing laws fixing sheriffs' salaries, and article 22, section 17, requiring laws placing all officers on fixed salaries, the compensation of a sheriff assuming office on the day of the admission of Arizona to statehood is fixed by Laws of 1912, chapter 93 (Civ. Code 1913, par. 3228), fixing the salaries of sheriffs in counties of the first class at $4,000 per annum, and he may not retain, under Civil Code of 1901, paragraph 2601, repealed by the Constitution, one-half of the amount paid him by the federal government for the support of federal prisoners committed to the county jail.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  J. C. Phillips, Judge.  Affirmed.

The facts are stated in the opinion.

Messrs. Alexander & Christy, for Appellant.

No appearance for Appellee.

ROSS, C. J.—The appellant, who was defendant below, became sheriff of appellee county February 14, 1912, the day of admission to statehood. During his term, 1912–13, he received from the United States government for and on account of payment for the support and keeping of United States prisoners in the county jail of Maricopa County the sum of $6,741.75. Of this sum he paid to the county $3,372, but retained the balance of $3,369.75, claiming it as his own. This suit was brought by the county to recover the last-named sum, and it had judgment. The defendant has appealed from the judgment.

The appellant's contention is that the sum sought to be recovered from him was "a compensation attached to the office of sheriff at the beginning of defendant's term of office as sheriff of Maricopa County, which compensation could neither be diminished nor abolished during his term of office." Appellant makes his claim to the moneys sued for under the provisions of paragraph 2601, Revised Statutes of 1901, which reads:

"The sheriff of the county wherein any United States prisoner is received and kept by him as required by law, shall have, receive, and retain for his own use fifty per cent of all money allowed and paid by the United States for receiving, supporting and keeping such prisoner or prisoners in said county jail."

Prior to statehood, sheriffs were principally compensated for their services by fees. By paragraphs 2600, 2602, Revised Statutes of 1901, the boards of supervisors were empowered to make additional allowances to sheriffs, differing in amount according to class of county, and in paragraph 2602 this additional allowance is designated as "salary." In *Patty* v. *Greenlee County*, 14 Ariz. 422, 130 Pac. 757, we hold, in effect, that notwithstanding the additional allowance was designated a "salary," still the sheriffs of the state fell within the class of officers who had theretofore been compensated by the fee system, and that, the "fee system" having been abolished by section 17, article 22, of the Constitution, the legislature was empowered under the authority of section 4, article 12, of the Constitution, to enact laws fixing sheriffs' salaries, and that the legislature had regulated and fixed the salary of sheriffs in chapter 93, page 591, Session Laws of 1912 (chapter 2, tit.

15, Civ. Code 1913). While it is true that the contest in the Patty case was as to whether the salary fixed by the board of supervisors or the one fixed by the legislature should control, in deciding that the legislative act took precedence and regulated the compensation of the sheriff, we said:

"The power of fixing, increasing, and decreasing the salaries of all officers of the state is made a legislative function by the Constitution, and its power in that respect is not limited or qualified, except that the compensation shall not 'be increased or decreased during his term of office.'"

And further on in the opinion is this statement:

"The salary of appellant, if ever properly fixed by the board of supervisors, was made at the first session of the legislature by general law, 'fixed and definite.'"

The effect of that decision was that the salary or allowance mentioned in paragraphs 2600 and 2602, Revised Statutes of 1901, that could be allowed to sheriffs in addition to their fees, was not such a salary or compensation as to prevent the legislature from increasing or decreasing it during their terms of office. For, had we held that the inhibition of the Constitution as to increasing and decreasing of compensation applied to sheriffs, it would have resulted very disastrously to those officers, as in that event, the Constitution having admittedly abolished the fee system, sheriffs' only compensation would have been such sums as the boards of supervisors in their discretion should allow, within the limits prescribed by sections 2600 and 2602, *supra,* and in certain contingencies the amounts received under paragraph 2601. The constitutional mandate to the legislature, as contained in section 4, article 12, was, when taken in connection with section 17, article 22, that it should enact laws placing all state and county officers on "fixed and definite salaries." Paragraph 3228 provides that:

"In counties of the first class [Maricopa's class], the county officers shall receive respectively, as full compensation for the services required of them by law, or by virtue of their office, the following salaries, to wit: . . .

"The sheriff, four thousand dollars per annum."

However, if the sheriff should be allowed or permitted to retain money received by him from the United States for the support and keeping of United States prisoners, his salary

would not be fixed and definite, but would be very indefinite; the amount depending upon the number of prisoners committed to the county jail and the length of time confined therein.

We are persuaded that the legislature would have exceeded its powers, had it in direct terms provided that the salary of sheriff should be $4,000 and 50 per cent of amount paid him by the general government for the care and support of its prisoners committed to the county jail, for the Constitution restricts the legislature's powers to providing "fixed and definite salaries." Inasmuch as the sums that boards of supervisors were allowed to give sheriffs under paragraphs 2600 and 2602 were mere allowances in addition to fees, if the appellant is right in his contention that he is entitled to keep the sum sued for, he would also be entitled to demand and recover the sums as provided in paragraphs 2600 and 2602, *supra*. Only those laws of the territory of Arizona were continued in force, after admission, that were not repugnant to the Constitution (section 2, article 22). We think paragraph 2601, Revised Statutes of 1901, is in conflict with, and repugnant to, the provisions of the Constitution abolishing the fee system and providing for "fixed and definite" salaries of officers, by general law.

The appellant is entitled to, as his compensation, either the sums that he may be allowed by the board of supervisors under paragraph 2600, and the sum that he may receive as provided by paragraph 2601 for keeping federal prisoners, or he is entitled as full compensation to the sum of $4,000 as provided in paragraph 3228. We have already decided in the Patty case that the salary fixed by the legislature is the "fixed and definite" salary to which he is entitled.

Judgment affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.