[Civil No. 1624.   Filed January 3, 1919.]

[177 Pac. 23.]

## C. W. HICKS, Appellant, v. COUNTY OF COCHISE, IN THE STATE OF ARIZONA, Appellee.

COUNTIES—TREASURER—SALARY.—Revised Statutes of Arizona of 1901, section 2610, fixing salary of treasurer of Cochise county at $2,500, such treasurer, inducted into office February 14, 1912, and serving until January 1, 1915, paid until March 1, 1913, at rate of $3,600 per annum, under order of board of supervisors thereafter at rate of $3,000, as provided by Salary Act of 1912, cannot recover difference between amount paid him after March 1, 1913, and salary fixed by board.

APPEAL from a judgment of the Superior Court of the county of Cochise. A. G. McAlister, Judge. Affirmed.

Mr. Lyman H. Hays and Mr. J. T. Kingsbury, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. J. F. Ross, County Attorney, and Mr. Bruce Stephenson, Deputy County Attorney, for Appellee.

ROSS, J.—Appellant was elected county treasurer of Cochise county at the 1911 November election, and was inducted into office February 14, 1912 (Admission Day), and served until January 1, 1915.

On February 17, 1912, the board of supervisors of Cochise county made and entered an order fixing his salary at $3,600 per annum. He was paid salary at that rate until March 1, 1913, and thereafter at the rate of $3,000 per annum as provided by the Salary Act of 1912 (chapter 2, title 15, paragraphs 3222–3248).

He sued to recover the difference between the amount paid him after March 1, 1913, and the salary fixed by the board of supervisors, or for the sum of $1,100.

A general demurrer to the complaint was sustained, and a judgment of dismissal entered. These orders present the only question in the case.

The learned trial judge in disposing of the case did so on the ground that the county treasurer's salary was provided for by the salary law of 1901 and acts amendatory thereof. (Rev. Stats. 1901, c. 2, tit. 26.) We think in doing so he was clearly right.

The board of supervisors under section 4, article 12, of the Constitution were empowered to fix salaries for county and precinct officers "for whom no compensation was provided by law." When the treasurer of Cochise county was inducted into office there was attached to it a statutory salary of $2,500 per annum. Section 2610, Rev. Stats. Ariz. 1901.

The appellant seems to base his case upon some expressions made by the court in *Patty* v. *Greenlee County,* 14 Ariz. 422, 130 Pac. 757. In that case we left as a query whether the board of supervisors were empowered to fix the salary of sheriff, inasmuch as he was receiving both a salary and fees, although the salary was only nominal, and by analogy we suggested, that if the power existed as to the sheriff, it existed as to the county treasurer because he, too, received both a

salary and fees.   However, in *Adams* v. *Maricopa County*, 16 Ariz. 418, 145 Pac. 884, it was decided outright that a sheriff was compensated under the laws of 1901 and amendments thereto in fees, and that, since the Constitution abolished all fees, the sheriff was an officer for whom the board of supervisors could fix a salary, and it was suggested that the so-called salary allowed the sheriff was in fact no salary but a mere allowance.   Even if the statement in the Patty case, "Treasurers of counties under territorial laws were paid salary and fees," was correct in fact, the fees were so small and insignificant a part of his compensation as to be hardly noticed. But the treasurer as such did not get any fees.   He was paid a salary and forbidden to receive any other compensation. Sections 2609–2610, Rev. Stats. Ariz. 1901.

Appellant was not aggrieved.   In fact, he was very much overpaid.

Judgment affirmed.

CUNNINGHAM, C. J., and JOHN WILSON ROSS, J., concur.