[Civil No. 1491.   Filed May 12, 1916.]

[157 Pac. 227.]

STATE, Appellant, v. A. W. GREGG, Appellee.

1. ACCORD AND SATISFACTION—PART PAYMENT—RELEASE IN FULL—EFFECT.—Where it appeared that the state owed plaintiff, a contractor, the sum of $26,536 upon a liquidated amount, the contractor's written receipt in full upon the payment of $14,774, induced by financial embarrassment, inability to meet demands of creditors, etc., did not absolve the state from the whole debt, but operated as a payment only to the extent of the amount actually received.

2. ACCORD AND SATISFACTION—REQUESTS—CONSIDERATION.—Accord and satisfaction is the result of a contract, and, like all other contracts, must be founded upon a consideration to be binding; so that where no consideration appeared as moving from a debtor to its creditor for the remission of a part of the indebtedness, no accord and satisfaction resulted from the creditor's receipt in full given on his receipt of part of the amount due, but the difference was still owing to the creditor.

[As to the law of accord and satisfaction, see note in 100 Am. St. Rep. 390.]

APPEAL from a judgment of the Superior Court of the County of Maricopa.   R. C. Stanford, Judge.   Affirmed.

Mr. Wiley E. Jones, Attorney General, and Mr. Leslie C. Hardy and Mr. Geo. W. Harben, Assistant Attorneys General, for the State.

Mr. Joseph E. Morrison, for Appellee.

ROSS, C. J.—This is an action brought by the appellee against the state of Arizona for a balance claimed to be due for constructing the prison at Florence, Arizona, under a contract entered into on August 12, 1908, between the board of control, acting for the territory of Arizona, and a partnership composed of appellee and one Greville, which said contract was later assumed and performed by appellee.

On the twenty-eighth day of February, 1910, there was paid to the appellee by the territory the sum of $14,774.28, for which a written receipt was given by appellee, reciting that said sum was the balance due; that in consideration of its payment the appellee released the territory from all further liability of whatever kind or nature due or which might become due on account of the contract to construct said prison, or on account of any work done, moneys or materials advanced or furnished. The appellee now alleges in his complaint that at the time of the payment of said sum to him and the execution of his receipt therefor, there was in fact and in truth due him a balance of $26,536.56 in the form of a liquidated account, unquestioned as to amount by the board of control.

This suit is for the difference between the amount appellee receipted for and the amount of the liquidated account, which difference is $11,762.28. The allegations of the complaint are extensive and numerous, explaining the reasons influencing the appellee to accept the payment of $14,774.28 in full payment of his account, such as financial embarrassment, inability to meet the demands of his creditors, threatened insolvency, loss of business reputation, misrepresentation by the board of control, fraud and duress. By the answer of defendant all of these charges were put in issue. The chief reliance of defendant to defeat the appellee was the receipt in full of all demands above mentioned. The cause was tried by the court, and judgment entered for the appellee for the sum of $11,762.28, and interest thereon at six per cent per annum from February 28, 1910. The appellant made its motion for a new trial, which was overruled. The appeal is prosecuted from the judgment and the order overruling motion for new trial.

Two specifications of error are made: First, it is contended that the pleadings and testimony disclose that an account

stated for the sum of $14,774.28 was arrived at and agreed
to between the appellee and appellant, and that that was the
extent of the liability of appellant; and, second, that the court
erred as a matter of law in holding that on February 28,
1910, the appellant was indebted to the appellee in the sum
of $26,536.56 upon a liquidated account, and in holding that
the payment of $14,774.28, under the circumstances, did not
constitute accord and satisfaction.

The court made findings of fact, and it is not questioned
that they are supported by the evidence. As originally filed,
these findings were to the effect that the receipt executed
by appellee, in full of all demands, was obtained through
fraud and duress; later the judge of the court undertook to
amend the findings by eliminating the finding of fraud and
duress. We do not feel called upon to decide whether, under
the peculiar circumstances, this action of the judge was error
or not. We therefore pass that question over. As we view
the law, such a finding was not essential to sustain the
judgment.

One of the conclusions of law which is fully supported by
the findings reads as follows:

"That on February 28, 1910, and at the time of the execu-
tion of the said receipt in full, the claim of the plaintiff
against the territory of Arizona, in the sum of $26,536.56, was
a liquidated account; that the said payment thereon of, to
wit, the sum of $14,774.28 was but a payment on account and
did not operate as an accord and satisfaction or payment of
the said balance of $26,536.56 in any amount greater than the
sum of $14,774.28; that the said payment of $14,774.28 was
not accepted by the plaintiff as a payment in full of the said
$26,536.56; that the agreement contained in said receipt in
full that the said payment then made was payment in full for
the entire $26,536.56; and that the plaintiff thereby waived
any claim and demand against the said territory of Arizona
for the excess of $11,762.28 was void and *nudum pactum*
there being no moving consideration to support such agree-
ment."

The facts enumerated in the above finding and conclusion
and all other facts found by the court are unquestioned; the
contention being that upon these facts judgment should have
been entered for appellant.

It will be observed that the findings are that appellant on the twenty-eighth day of February, 1910, was indebted to the appellee in the sum of $26,536.56 upon a liquidated account. This finding of fact disposes of the first assignment of error to the effect that on that date, an account stated was had and made between appellee and appellant for the sum of $14,774.28. If, indeed, any account stated was made on that date, the undisputed record shows that it was for the former and larger sum.

The question then is: When a definite, certain and liquidated amount is found to be due and owing from a debtor to a creditor, will a receipt in full upon the payment of an amount less than the whole indebtedness absolve the debtor from the whole debt? Has he paid his debt when he pays less than the whole thereof, or should it be considered as only a partial payment of the debt, notwithstanding a receipt be given in full?

This question has been variously answered by the courts. Corpus Juris, volume 1, page 542, says that only two states, Mississippi and New Hampshire, in the absence of statutory authorization, have held that payment of a less sum of money for a liquidated debt, and acceptance as satisfaction of the whole, operates to extinguish the whole debt. The general rule, both at common law and in most of the states except where modified by statute, as given by Corpus Juris, volume 1, page 539, is:

"Where the debt or demand is liquidated or certain and is due, payment by the debtor and receipt by the creditor of a less sum is not a satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given. Payment of a less amount than is due operates only as a discharge of the amount paid, leaving the balance still due, and the creditor may sue therefor notwithstanding the agreement. And a court of equity has no power to enjoin collection of the balance."

This court is committed to that rule, having decided in *Phillips* v. *Graham County,* 17 Ariz. 208, 149 Pac. 755, that the county could not refuse to pay one of its officers the balance due him as salary fixed by law upon the ground that he had accepted and receipted for a less sum under the belief he was being paid full salary.

Accord and satisfaction is the result of contract, and, like all other contracts, in order to be binding, it must be founded upon consideration. *Chicago, M. & St. P. Ry. Co.* v. *Clark,* 92 Fed. 968–974, 35 C. C. A. 120. No consideration is shown or attempted to be shown as moving from the appellant to appellee for the remission of a sum in the excess of $11,000; that sum was owing to appellee after the payment of February 28, 1910, as completely as before that date.

Considerable importance is attached by appellant to the fact that a written release was executed by the appellee. But the courts hold that a receipt reciting full satisfaction and release when less is received than the whole debt will not cancel the debt. The decided law in such cases is thus stated:

''In the absence of statute providing otherwise the rule is settled, except in two states, that the giving of a receipt in full does not in any way affect the rule that payment of a less sum in discharge of a greater sum presently due is not a satisfaction thereof, although accepted as such, as the element of consideration is lacking, and it is immaterial that the receipt was given with knowledge of the facts and that there was no error or fraud.'' 1 C. J. 543.

The Attorney General has with commendable zeal defended against the claim of appellee. Finding as he did in the files of the board of control a receipt in full executed by the appellee of a date long anterior to the bringing of this suit, he could, without being charged with trying to defeat an honest debt owing by the state, very properly insist that it be tried out and determined by the courts. However, we do not think the territory of Arizona or the state of Arizona (that assumed the former's obligations upon admission to the Union) should undertake to shave or discount its obligations, nor should it be allowed to plead a release of its indebtedness upon exhibiting a receipt for much less than the whole thereof.

The judgment of the lower court is affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.

---

As to effect of acceptance of remittance of a part of the amount of a liquidated and undisputed debt as a consideration for the discharge of the whole debt, see comprehensive note in 11 **L. R. A. (N. S.)** 1018, and also note in 21 **L. R. A. (N. S.)** 1005.