**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSTES CONCRETE, INC., an Arizona corporation, on behalf of itself and all others similarly situated,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>MDC HOLDINGS, INC., a Delaware corporation; RICHMOND AMERICAN CONSTRUCTION, INC., a Delaware corporation; RICHMOND AMERICAN HOMES OF ARIZONA, INC., a Delaware corporation; RICHMOND AMERICAN HOMES OF COLORADO, INC., a Delaware corporation; RICHMOND AMERICAN HOMES OF DELAWARE, INC., a Colorado corporation; RICHMOND AMERICAN HOMES OF ILLINOIS, a Colorado corporation; RICHMOND AMERICAN HOMES OF FLORIDA, LP, a Colorado limited partnership; RICHMOND AMERICAN HOMES OF MARYLAND, INC., a Maryland corporation, DBA Richmond Homes of California, Inc.; RICHMOND AMERICAN HOMES OF NEVADA, INC., a Colorado corporation; | No. 12-15717<br><br>D.C. No. 2:11-cv-01011-SRB<br><br>MEMORANDUM[*] |

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

RICHMOND AMERICAN HOMES OF NEW JERSEY, INC., a Colorado corporation; RICHMOND AMERICAN HOMES OF PENNSYLVANIA, INC., a Colorado corporation; RICHMOND AMERICAN HOMES OF TEXAS, INC., a Colorado corporation; RICHMOND AMERICAN HOMES OF UTAH, INC., a Colorado corporation; RICHMOND AMERICAN HOMES OF VIRGINIA, INC., a Virginia corporation; JOHN AND JANE DOES, 1-100; XYZ CORPORATIONS, 1-10; ABC PARTNERSHIPS, 1-10; BLACK AND WHITE UNINCORPORATED ASSOCIATIONS, 1-10,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted May 14, 2014
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Plaintiff Jostes Concrete, Inc. ("Jostes"), appeals the district court's order

dismissing with prejudice Counts One, Two, and Seven of its First Amended

Complaint ("FAC") against defendants. We have jurisdiction under 28 U.S.C.

§ 1291.  We reverse.  We remand with instructions to grant Jostes leave to file a second amended complaint.

The district court properly dismissed Count One (breach of contract), Count Two (wrongful termination), and Count Seven (alter-ego liability) of the FAC as pled.  Count One fails because Jostes did not adequately allege that any of defendants' modifications applied retroactively to work that Jostes had already completed.  *See Rubenstein v. Sela*, 672 P.2d 492, 493 (Ariz. Ct. App. 1983).  Count Two fails because Jostes's allegations do not provide fair notice of its claim that defendants breached the covenant of good faith and fair dealing.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The district court properly dismissed Count Seven because Jostes did not adequately plead any substantive cause of action.

However, the district court erred in dismissing Counts One, Two, and Seven without giving Jostes an opportunity to amend the FAC.  Jostes requested an opportunity to amend in its response to defendants' motion to dismiss.  The FAC was the first complaint to which defendants responded, and amendment would not clearly be futile.  *See AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 632, 636 (9th Cir. 2012); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008).

The district court should have allowed Jostes to amend Count One to allege that defendants retroactively provided reduced payments that they owed for completed work.  Such allegations could state a claim under Arizona law.  *State v. Gregg*, 157 P. 227, 228 (Ariz. 1916); *see also Demasse v. ITT Corp.*, 984 P.2d 1138, 1144 n.3 (Ariz. 1999).

The district court should have allowed Jostes to amend Count Two because it is not clear that Jostes could not plead a claim for breach of the covenant of good faith and fair dealing under Arizona law.  *See Bike Fashion Corp. v. Kramer*, 46 P.3d 431, 434–35 (Ariz. Ct. App. 2002) ("[A] party can breach the implied covenant of good faith and fair dealing both by exercising express discretion in a way inconsistent with a party's reasonable expectations and by acting in ways not expressly excluded by the contract's terms but which nevertheless bear adversely on the party's reasonably expected benefits of the bargain.").

We decline to reach the merits of Count Seven.  If Jostes amends Counts One and Two, it is free to re-plead its claim for alter-ego liability.  The district court may then consider the merits of that claim in the first instance.

**REVERSED and REMANDED.**