[Civil No. 776.    Filed March 18, 1902.]

[68 Pac. 541.]

JOHN W. DORRINGTON, Plaintiff and Appellant, v. THE BOARD OF SUPERVISORS OF YUMA COUNTY, Defendant and Appellee.

1. MANDAMUS—WHEN ISSUED.—*Mandamus* will only issue to compel the performance of an act which the law has specifically enjoined as a duty and which is not in its nature discretionary or judicial; and it may only issue when there is not a plain, speedy, and adequate remedy in the ordinary course of the law.

2. SAME—COUNTIES—DEMANDS—BOARD OF SUPERVISORS—DISCRETIONARY POWER—OFFICERS—SALARY—REV. STATS. ARIZ. 1887, PARS. 409, 415, CONSTRUED.—Under paragraph 409, *supra,* forbidding the board of supervisors to allow any demand in favor of any officer who willfully neglects or refuses to perform any of the duties of his office, and empowering it to determine whether the officer presenting a demand is entitled to have the same allowed, and paragraph 415, *supra,* giving a dissatisfied claimant the right to sue the county at any time within six months after the final action of the board, but not afterward, *mandamus* will not lie to compel the board of supervisors to allow the claim of a county officer for salary and expenses, the former statute vesting discretionary powers in the board and the latter providing a plain, adequate, speedy, and exclusive remedy at law.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yuma. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

Peter T. Robertson, for Appellant.

That *mandamus* is the proper proceeding to secure the rights of appellant, see Merrill on Mandamus, 13; *Raisch* v. *Board of Education,* 81 Cal. 542, 23 Pac. 890; *Fowler* v. *Pierce,* 2 Cal. 165; *Gutherie* v. *Oklahoma,* 1 Okl. 188, 31 Pac. 190, 21 L. R. A. 841; *Shattuck* v. *Kincaid,* 31 Or. 379, 49 Pac. 758; *State* v. *City of Phillipsburg,* 23 Mont. 16, 57 Pac. 405.

W. F. Timmons, for Appellee.

In this case if a writ of *mandamus* was granted it would control the discretion of the board of supervisors, since it commands to allow and denies the discretion to disallow; this cannot be done.   *Clune* v. *Sullivan,* 56 Cal. 249; *Rhodes* v. *Spencer,* 62 Cal. 43; *Cosner* v. *Colusa County,* 58 Cal. 274.

SLOAN, J.—The appellant petitioned the court below for a writ of *mandamus* to compel the appellee to audit and pay two demands against the county of Yuma,—one in the sum of nine hundred and twenty dollars, alleged to be due him for salary at the rate of twenty dollars a month from the twenty-fourth day of March, 1895, to the twenty-fourth day of January, 1899, as a member of the territorial board of immigration commissioners of the territory of Arizona in and for the county of Yuma; the other in the sum of nine hundred and twenty dollars, alleged to be due him for and on behalf of moneys expended by him as such commissioner between said dates ''in the publication and distribution of information for the edification and enlightenment of persons who might be induced to settle in said Yuma County or make investments therein.''   The petition alleges that appellant, on the thirty-first day of May, 1900, filed his said demands duly verified by his oath with the clerk of said appellee, and that on the sixth day of October appellee rejected said demands and refused to audit or allow either of them or any portion thereof, and refused to pay either of them or any portion thereof.   Appellee demurred to the petition of appellant, upon the general ground that the facts stated were insufficient to constitute a cause of action against it.   Appellee further demurred to the cause of action set up in the petition founded upon the demand for the payment of the

claim made by appellant for his expenditures made by him as commissioner of immigration of said county, upon the ground that the same had not been presented to the board of supervisors within six months after the last item of the account accrued. The court below sustained the demurrer and dismissed the petition. From this judgment the appellant brings his appeal.

The question presented by the general demurrer is, Does *mandamus* lie to compel a board of supervisors to audit and allow a claim for salary or expenses of a public officer? Under the statutes the writ *of mandamus* will only issue to compel the performance of an act which the law has specially enjoined as a duty, and which is not in its nature discretionary or judicial; and it may only issue when there is not a plain, speedy, and adequate remedy in the ordinary course of law. There are many cases which hold that, where the salary of a public officer is regulated by law and made payable at fixed times, the duty of auditing and allowing the claim for such services may be enforced by *mandamus*. The rule laid down in each of these cases is based upon the nature of the duty imposed by statute upon the particular officer or board, there being no element of discretion given, but the duty of auditing and allowing a demand for such salary being made a purely ministerial one. Paragraph 409 of the Revised Statutes of 1887 reads as follows: ''No demand on any county treasury shall be allowed by the board of supervisors in favor of any person in any manner indebted to the county, without first deducting such indebtedness, nor in favor of any officer whose accounts shall not have been rendered and approved, or who shall have neglected or refused to make his official returns, or report in writing, as required by law, or in favor of any officer who shall willfully neglect or refuse to perform any of the duties of his office. The board of supervisors shall have power to examine, orally or otherwise, on oath, the persons presenting any demand on the treasury, or the agent or attorney of such person, or any other person, in order to ascertain any facts necessary or proper for them to know in order to determine their allowance or disallowance of such demand.'' It will be observed that by this section it is forbidden the board of supervisors to allow any demand in favor of any officer who wilfully neglects or refuses to perform

any of the duties of his office, and to this end the board is empowered to ascertain the facts to enable it to determine whether the officer presenting a demand is entitled to have the same allowed. To this extent the allowance or rejection of a demand for salary by any county officer is made a quasi-judicial matter, the exercise of which in any particular manner cannot be compelled by *mandamus.* Again, paragraph 415 of the Revised Statutes settles the question of remedy adversely to appellant. Said paragraph reads as follows: "A claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after the final action of the board, but not afterward, and if in such action judgment is recorded for more than the board allowed, on presentation of the judgment the board must allow and pay the same, together with the costs adjudged, but if no more is recorded than the board allowed, the board must pay the claimant no more than was originally allowed." The remedy pointed out by this section is plain, no less speedy than the remedy of *mandamus,* and fully as adequate as the latter, inasmuch as the statute specifically enjoins upon the board the allowance and payment of any judgment rendered in such action. Not only this, but we think it was the evident intent of the legislature to require every dissatisfied claimant to bring his action at law against the county to obtain redress where the board has acted to his disadvantage.

It is unnecessary to consider the special demurrer raising the question of the statute of limitations as to the second cause of action, for the reason that we hold that *mandamus* is not the proper remedy in this case, because, first, the rejection of the claim for salary, as also the claim for expenses as immigration commissioner, was, under the statute quoted, the exercise of a judicial discretion, and not the mere refusal to perform a ministerial act; and second, the appellant had a plain, speedy, and adequate remedy specifically pointed out by statute.

The general demurrer to the petition was properly sustained, and the judgment of the court below dismissing the same is therefore affirmed.

Doan, J., and Davis, J., concur.