[Civil No. 1463.   Filed June 28, 1915.]

[149 Pac. 755.]

## D. D. PHILLIPS, Appellant, v. COUNTY OF GRAHAM, Appellee.

1. TAXATION—COUNTY ASSESSOR—SALARIES—STATUTORY PROVISIONS.— Under Civil Code of 1901, paragraph 2618, as amended by Laws of 1907, chapter 73, section 2, providing that county assessors in counties of the first class shall receive a salary of $2,000 per annum, in counties of the second class $1,500, provided that in counties having an equalized assessed valuation of $6,000,000 he shall receive a salary of $2,400, the salary of a county assessor changes, as the county automatically changes from one class to another, and an assessor entitled to a salary of $1,500 on entering the office is, on the county becoming a county of the first class, entitled to a salary of $2,000, and, on the county increasing the equalized value of its property to over $6,000,000, is entitled to a salary of $2,400.

2. OFFICERS—PUBLIC OFFICERS—SALARIES—LEGISLATIVE CONTROL.—The fixing of the salaries of public officers is exclusively for the legislature, and, except where restrained by the Constitution, it has a wide discretion.

3. OFFICERS — SALARIES — CHANGE BY BOARD OF SUPERVISORS. — Where salaries of county officers have been fixed by the legislature, they cannot be increased or diminished by the county board of supervisors.

   [As to constitutional provision against change of salary during term of office as applicable to office held during pleasure of appointing power, see note in **Ann. Cas. 1913A, 316.**]

4. COUNTIES—SALARIES—WARRANTS—OBLIGATION OF COUNTY BOARD OF SUPERVISORS.—Where a county assessor was not indebted to the county in any sum, and he had faithfully performed the duties of his office, the board of supervisors could exercise no discretion or judgment as to his salary fixed by law, but they must draw warrants against the county treasurer for the salary fixed by law.

5. ACCORD AND SATISFACTION—COMPROMISE AND SETTLEMENT—UNLIQUIDATED DEMANDS—LIQUIDATED DEMANDS.—Where a claim is unliquidated, or in dispute, payment and acceptance of a less amount than claimed in the satisfaction is an accord and satisfaction, in the absence of fraud, mistake or imposition, but, where the demand is liquidated and due, payment by the debtor and receipt by the creditor of a less amount is not a satisfaction thereof, though the creditor agrees to accept it as such in the absence of any consideration for the release.

6. ACCORD AND SATISFACTION — OFFICERS — SALARIES — ACCEPTANCE OF LESS AMOUNT THAN DUE.—An assessor of a county who is entitled to a salary of $2,000 or $2,400 per annum, and who receives only $1,500 per year, may recover the balance due, notwithstanding any claim of accord and satisfaction, though the doctrine of accord and satisfaction as applied to dealings between individuals and corporations is applicable.

7. ACCORD AND SATISFACTION—EVIDENCE.—Accord and satisfaction cannot arise unless agreed to either expressly or by implication.

8. ACCORD AND SATISFACTION—AVAILABILITY—PLEADING AND PROOF.— Accord and satisfaction, to be available, must be pleaded and proved.

APPEAL from a judgment of the Superior Court of the County of Graham. A. G. McAlister, Judge. Reversed and remanded.

Mr. W. K. Dial, for Appellant.

Mr. John McGowan, County Attorney, and Mr. Wiley E. Jones, Attorney General, for Appellee.

ROSS, C. J.—Suit for balance of back salary as county assessor of Graham county for the years 1912, 1913 and 1914. Plaintiff was inducted into office February 14, 1912, at which time his county was one of the second class, entitling him to a salary of $1,500 per annum. Paragraph 2618, Revised Statutes of Arizona 1901; chapter 73, Laws of 1907.

XVII Ariz.—14

In the month of September, 1912, the equalized assessed valuation of the property of Graham county being in excess of $3,000,000, the county automatically, under the law, became a county of the first class, and the assessor's salary automatically became $2,000 per annum. Id.

In September, 1913, the equalized value jumped to $9,000,000, and by the same process the assessor's salary became $2,400 per annum. Id.

It is stipulated: "That during all the months from September, 1912, up to the 28th day of May, 1914, the plaintiff filed his monthly salary demand with the clerk of the board of supervisors of Graham county, Ariz., for the sum of $125 as salary for each month during said time, and accepted the same until the 28th day of May, 1914, when the plaintiff filed with the clerk . . . a demand for back salary for $41.60 for each month beginning September, 1912, and ending August, 1913, and for the sum of $75 for each month beginning with September, 1913, and ending May, 1914, and that for all months since said time until the filing of suit (September 12, 1914) the plaintiff has continuously filed salary demands for the sum of $200 for each month of his salary as assessor, and that all demands for salary in excess of $125 per month have been refused by said board of supervisors of said Graham county; that at all times when the board of supervisors of Graham county refused to pay said salary demands the plaintiff was not indebted to the county in any sum."

It is further stipulated that plaintiff had faithfully performed the duties of his office at all times.

Under the decision of this court in *County of Yuma* v. *Sturges*, 15 Ariz. 538, 140 Pac. 504, as a county automatically under the statute jumps from one grade to another, the salaries of its officers automatically change, as provided by law. The plaintiff's salary from September, 1912, to and including August, 1913, was by the law fixed at $2,000 per year, and from September, 1913, to and including July, 1914, was by law fixed at $2,400 per year.

The plaintiff recovered judgment for $150, being the balance of his salary for the months of June and July, 1914, but was refused judgment for balances on all preceding months. He appeals from the judgment.

The only question for decision is this: The plaintiff having presented to the board of supervisors demands for $125 per month, and the demands having been regularly allowed and paid, may he now recover from the county the balance of his salary, or is he by accepting less than the salary fixed by law precluded from claiming his full salary?

We take it that both the plaintiff and the supervisors of the county, both in the presentation and allowance of the demands, acted upon the theory that the law only allowed a salary of $1,500 per annum to the plaintiff. That was the salary assigned to assessors of second-class counties when he took office, subject, however, to a change if his county should change its class, but stationary if his county should remain during his term of office a second-class county. Until the decision of this court in the *Sturges Case, supra,* it is probable that the officers of not only Graham county, but of all the counties, were groping in doubt and uncertainty as to what law or statute was controlling in the matter of salaries. The boards of supervisors of the different counties naturally, as the trustees of the counties' funds, insisted upon paying the lesser salary. But when the *Sturges Case* was decided in May, 1914, it was made plain that the legislature had provided a scheme of salaries based upon grades of counties, and that as the grades fluctuated the salaries of officers also changed. This scheme was a part of the law when the plaintiff was elected, and the people of his county elected him and he accepted the office subject to its terms and conditions. He was entitled under the law, when his county rose from a second-grade county to a first-grade one (with equalized assessed valuation of $3,000,000 or more) to a salary of $2,000 per year and (with an equalized assessed valuation of $6,000,000 or more) to a salary of $2,400 per annum.

The fixing of salaries for public officers is a matter wholly within the province of the legislature, and, except where restrained by the Constitution, they have a wide range of discretion. When a salary has once been fixed, it cannot be increased nor diminished by the board of supervisors. They have no power to enlarge or reduce it.

Under the law (paragraphs 2419, 2420, 2433 and 2440, Civil Code 1913) no moneys can be paid out of the treasury of a county except upon the warrant of the board of supervisors,

and under paragraph 2434, Id., all claims against the county must be made out in writing duly verified, stating minutely what the claim is for, and specifying each several item and the date and amount thereof, and be presented to the board within six months from date of the last item, except claims for compensation due to jurors and witnesses and for official salaries, which, by some express provision of law, is made a demand against the county.

The compensation of jurors and witnesses and official salaries are exempted by this statute from the formality of verification and itemization and presentation within six months after accrual. The reason for this is clear; the law having stated and fixed what they shall be, no action of the board is contemplated or necessary. The only thing left for that body to do is to order its warrant drawn against the county treasurer for the amount fixed by law, except perhaps under the provisions of paragraph 2436, Id., the board may inquire if claimant is indebted to the county, and, if so, deduct from his demand the amount of such indebtedness, or, if the officer has been guilty of nonfeasance, the board may withhold his salary. In this particular case it is stipulated, however, that plaintiff was not indebted to the county in any sum, and that he had faithfully performed his duties. That being true, the board was relieved of any duty of investigation, and could do but one thing—direct the payment of plaintiff's salary. It had no discretion, and could lawfully do nothing else, and could not lawfully refuse to do that. We have said this much about the duty of the board, under the stipulation, having in mind the contention of appellee that the board, in ordering a warrant for salary, was acting judicially. Counsel asserts this proposition over and over, and, indeed, it seems to be his chief reliance. But under the stipulation the board was not called upon to hear and determine anything. It exercised no discretion or judgment. Facts might arise in which the board, in auditing credits or offsets to salary demands, would act judicially, but it could never occur as to the salary itself when fixed by law.

The view we have taken is not in conflict with the decision in *Dorrington* v. *Board of Supervisors,* 8 Ariz. 4, 68 Pac. 541. In that case the court very properly held that *mandamus* would not lie to control or direct the judgment of the board

when it was required or might be required to pass upon certain facts because in doing so it would be acting upon a *quasi* judicial matter, but the court carefully limited its decision to the facts of that particular case. The court also held that plaintiff was not entitled to a *mandamus,* as he had a plain, speedy and adequate remedy at law. It is therefore quite clear that the board was acting in a purely ministerial capacity in passing upon and ordering the payment of plaintiff's demand for salary, under the stipulation.

The decisions in *Yavapai County* v. *O'Neill,* 3 Ariz. 363, 29 Pac. 432, and *Gila County* v. *Thompson,* 4 Ariz. 180, 37 Pac. 22, were concerning accounts and claims by sheriffs against their counties. Their demands were unliquidated, and the duty of investigation into the claims to determine if the services charged against the county were actually rendered or not was necessary under the law. In the performance of this duty the board acted in a *quasi* judicial matter, and the allowance, when accepted by the claimant, was in complete satisfaction of the claim. Those decisions are not controlling in this case, the facts being entirely different. That paragraph of the statute (2438, Id.) invoked and applied in the *O'Neill* and *Thompson Cases* has reference to unliquidated, itemized demands against the county in which the board may allow all or a part of the demand, and not official salaries definitely fixed by some provision of law.

But the defendant contends that the payment to plaintiff at the rate of $1,500 per year and his acceptance thereof is an accord and satisfaction. On principle and authority this contention would be right if appellant's compensation was unliquidated. It is said:

"Where a claim is unliquidated or in dispute, payment and acceptance of a less amount than claimed, in satisfaction, operates as an accord and satisfaction, in the absence of fraud, artifice, mistake or imposition." 1 C. J. 551.

This because the settlement is in the nature of a compromise.

The rule is different, however, as, "where the debt or demand is liquidated or certain and due, payment by the debtor and receipt by the creditor of a less sum is not satisfaction thereof, although the creditor agrees to accept it as such, if there be no release under seal or no new consideration given. Payment of a less amount than is due operates only as a

discharge of the amount paid, leaving the balance still due, and the creditor may sue therefor notwithstanding the agreement.''

This is because there is no consideration for the release, as the debtor is obligated to pay the whole debt, and the creditor entitled to receive it.    1 C. J. 539.

We are unable to perceive any good reason why these rules that are applied to the dealings of private individuals and corporations should not be enforced in the affairs of municipal corporations in dealings with its officials.

While the defendant pleads in its answer accord and satisfaction, there is no evidence whatever that plaintiff agreed to accept what was paid him in full satisfaction of his salary as allowed by law.    Accord and satisfaction cannot arise unless agreed to either expressly or by implication.    It must not only be pleaded but proved.    *Board Commrs.* v. *Hobkirk,* 13 Colo. App. 180, 56 Pac. 993; *Wolf* v. *Humboldt County,* 36 Nev. 26, 45 L. R. A. (N. S.) 762, 131 Pac. 964.

Stripped of all unnecessary verbiage, the defendant admits that plaintiff's salary was fixed by law at $2,000 per annum from August, 1912, to September, 1913, and at $2,400 thence, that he faithfully performed the duties of his office at all times, and that he is in no wise indebted to it, but it contends simply and because it paid plaintiff during those times at the rate of $1,500 per year, and he accepted it, a full acquittance of its obligation resulted.    If this is law, then the board of supervisors may set aside the statutory salary and substitute another of their own fixing, by refusing to pay the salary fixed by law and thus forcing a settlement.    The board can no more fix the salary in this manner than they can fix it by resolution or ordinance.    The board has no power or authority to pay less or more than the legislature has provided as compensation to an official.

Judgment is reversed and case remanded, with direction that judgment be entered for the plaintiff as prayed for in his complaint.

FRANKLIN and CUNNINGHAM, JJ., concur.

---

On accord and satisfaction of claim for statutory salary or pay, see note in 42 L. R. A. (N. S.) 121.