[Civil No. 1604.   Filed December 31, 1918.]

[177 Pac. 256.]

# SANTA CRUZ COUNTY, STATE OF ARIZONA, Appellant, v. W. S. McKNIGHT, Appellee.

1. COUNTIES—POWER OF SUPERVISORS TO FIX SALARY.—Plaintiff, sheriff of defendant county, whose first term began with admission of Arizona to statehood, was, in view of Constitution, article 22, section 17, abolishing fee system, etc., inducted into office without any fixed salary, and the power to fix his compensation pending action of legislature was vested in board of supervisors of county.

2. SHERIFFS AND CONSTABLES — SALARY OF SHERIFF — STATUTE.—The salary of plaintiff, sheriff of defendant county, whose first term began with admission of Arizona to statehood, fixed by board of supervisors, was the legal salary which he was entitled to recover until it was changed by general law, in view of Constitution, article 12, section 4, as to fixing of salary by supervisors.

3. COUNTIES—FIXING SALARIES OF OFFICERS—RECONSIDERATION.—Having once fixed salary of an officer whose first term began with admission of Arizona to statehood, the power of board of supervisors of defendant county, under Constitution, article 12, section 4, was exhausted, and such salary could be changed only by a general law.

4. APPEAL AND ERROR—ACCEPTANCE OF SALARY—PRESUMPTION.—Plaintiff, sheriff of defendant county, whose salary had been fixed by board of supervisors, having accepted smaller salaries provided by salary law of 1912 (Civ. Code Ariz. 1913, pars. 3226–3241), court on appeal will assume that he accepted salaries under said law without protest; it not appearing from record that his demands were not made under said law.

5. OFFICERS—SALARIES—ACCEPTANCE OF LESS THAN AMOUNT DUE.—That both plaintiff sheriff and defendant county acted under the salary law of 1912 (Civ. Code Ariz. 1913, pars. 3226–3241), and that plaintiff accepted salary provided by said law, subsequently declared unconstitutional, did not estop plaintiff from claiming the salary fixed by defendant's board of supervisors; that being the legal salary.

6. OFFICERS—SALARIES—ACCEPTANCE OF LESS THAN AMOUNT DUE.—Granting that official salaries must be audited and allowed under the provisions of Civil Code of Arizona of 1913, paragraphs 2419–2440, still, under direct provision of paragraph 2439, a claimant, dissatisfied with the amount allowed him, may accept the amount allowed, and sue for the balance.

7. CONSTITUTIONAL LAW—CONSTITUTIONALITY OF STATUTE—ESTOPPEL TO QUESTION.—Parties may so act under an unconstitutional law as

to preclude them from afterward questioning its validity, this being especially true when benefits have been sought or derived therefrom, or when to permit its constitutionality to be questioned would result in injustice.

8. CONSTITUTIONAL LAW—CONSTITUTIONALITY OF STATUTE—ESTOPPEL TO QUESTION.—It cannot well be affirmed that one who accepts compensation under an unconstitutional law in a less amount than he was clearly entitled to recover takes a benefit under such law, so that he is thereafter estopped from questioning its validity.

9. STATUTES—TIME OF TAKING EFFECT.—Laws of 1917, chapter 80, relating to collection of salaries, etc., not having received the necessary approval of Governor to make it an emergency measure, did not, in view of Constitution, article 4, section 1, subdivision 3, become effective until 90 days after adjournment of session; and, since it is prospective, it does not affect plaintiff's action, filed long before expiration of the 90 days.

10. LIMITATION OF ACTIONS—SUIT FOR SALARIES—"LIABILITY CREATED BY STATUTE."—Salary of plaintiff sheriff fixed by board of supervisors of defendant county was a "liability created by statute," and suit therefor would, in view of Civil Code of Arizona of 1913, paragraph 709, be barred, where not brought within one year after accrual of right of action.

11. COUNTIES—CLAIM FOR SALARY—TIME FOR PRESENTATION.—Plaintiff's claim for the difference between his lawful salary as sheriff and that allowed him under salary law of 1912 (Civ. Code Ariz. 1913, pars. 3226–3241), subsequently held unconstitutional, would not come within paragraph 2439, Civil Code of Arizona of 1913, barring suit within six months; such difference never having been presented in the form of claim, and never passed upon.

12. COUNTIES—BOARD OF SUPERVISORS—MINISTERIAL ACTS—"COURT"—"BRINGING OF SUIT."—The board of supervisors of county acts purely in a ministerial capacity in passing upon claims for salaries fixed by law; and, since it is not a "court," the filing of a claim for salary is not the "bringing of a suit."

13. COUNTIES — CLAIM FOR SALARIES — TIME FOR PRESENTATION.—Civil Code of Arizona of 1913, paragraph 2439, providing that claims against a county must be presented to the board of supervisors within six months, has no application to salary claims or claims for balance of salary.

14. COUNTIES—CLAIM FOR SALARIES—PRESENTATION.—Provisions of Civil Code of Arizona of 1913, paragraph 2434, with reference to presentation, itemization and verification of demands against a county, have no application to demands for salaries by county officers.

[As to compensation, distinction between salary and wages, see note in Ann. Cas. 1917B, 321.]

APPEAL from a judgment of the Superior Court of the county of Santa Cruz. Samuel L. Pattee, Judge. Judgment modified and, as modified, affirmed.

Mr. Wiley E. Jones, Attorney General, Mr. R. W. Kramer, Mr. Geo. W. Harben and Mr. Louis B. Whitney, Assistant Attorneys General, and Mr. Charles L. Hardy, County Attorney, for Appellant.

Mr. S. F. Noon, Mr. M. Marsteller and Messrs. Duffy & Purdum, for Appellee.

ROSS, J.—Appellee brought this action for a balance of salary as sheriff of appellant county. He was elected and served the county as sheriff for two terms. His first term began with the admission of Arizona into statehood, February 14, 1912, and extended to December 31, 1914. His second term was the years 1915 and 1916. When he took office February 14, 1912, there was no compensation attached to it. It was essentially a fee office under the territorial laws, and, as the fee system of compensating public officers was abolished by the Constitution (section 17, article 22), he was inducted into office without any fixed salary. The power to fix his compensation, pending action by the legislature, was vested in the board of supervisors of his county. *Patty* v. *Greenlee County,* 14 Ariz. 422, 130 Pac. 757; *Adams* v. *Maricopa County,* 16 Ariz. 418, 145 Pac. 884.

According to the pleadings and agreed statement of facts, the board of supervisors of Santa Cruz county, on April 12, 1912, made and entered an order on their minutes, fixing appellee's salary at $3,600 per annum, beginning with February 14, 1912. This salary was paid him up to and including the month of February, 1913. The rest of his first term, that is, for March, 1913, to and including December, 1914, he was paid at the rate of $1,800 per annum. His second term he was paid $2,400 per annum.

The first regular session of the legislature enacted a county classification and salary act which, according to the certificate of the Secretary of State appended thereto, became a law May 31, 1912. Chapter 93, First Regular Session of 1912. This act placed Santa Cruz county in class 9, and section 11 thereof fixed the compensation of the sheriffs of counties in

class 9 at $1,800 per annum. In the revision of the laws, chapter 93, *supra*, was carried forward, and section 11 thereof appears as paragraph 3236, Civil Code of 1913, and was changed so as to make the sheriff's salary read "$2,400.00" instead of $1,800.

Hereafter we shall refer to chapter 93 and paragraph 3236, *supra*, as the salary law of 1912. An effort to observe this salary law of 1912 accounts for the $1,800 salary paid appellee for a part of his first term, and $2,400 per annum for all of his second.

Appellee claims that he was entitled to the annual salary of $3,600 during all of the time he served as sheriff, and has sued the county for the difference between that and the amount he actually was paid, or for $5,700.

The appellant county demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, pleaded the one-year statute of limitations to $3,300 of appellee's demand that accrued during the years 1913 and 1914, and alleged that the appellee treated the salary laws of 1912 as in full force and effect, and made settlements with appellant in full under and by virtue thereof—this last in the nature of a plea in estoppel, as we take it.

The demurrer and other defenses were overruled, and judgment entered for appellee for full amount of demand.

It is the contention of appellant that all of its defenses should have been sustained, and it assigns the overruling of them, and each of them, as error.

The salary fixed by the board of supervisors at its April, 1912, meeting, for the appellee was his legal salary, and the one he was entitled to receive until it was changed by general law. This is definitely settled by the decisions of this court in the cases heretofore cited.

Under section 4, article 12, of the Constitution, the board of supervisors was empowered to fix the salary of the sheriff, and it is provided that the salary "so fixed shall remain in full force and effect until changed by general law." The appellee's salary was fixed by order of the board on April 12, 1912, and was not changed during his incumbency of the office. Having once fixed the salary, the power of the board of supervisors was exhausted so that they could not thereafter modify or change the salary so fixed. It could only be

changed by a general law enacted by the legislature or the people.

In *Hunt* v. *Mohave County*, 18 Ariz. 480, 162 Pac. 600, decided February 3, 1917, we held that the salary act of 1912 was unconstitutional and void, in that it attempted to fix the salaries of public officers by special or local law, whereas the Constitution requires it to be done by general law.

From the state of the record, we must assume that appellee accepted the smaller salaries under the laws of 1912 without protest. For all that appears of record, his demands for salary were made under those laws. Indeed, we think it most probable that both he and appellant, through its fiscal and administrative officers, acted under the laws of 1912, as a matter of course, with no other thought than that they were the only "rule of action" in the premises. This being so, and it appearing of record, does it render the complaint vulnerable to general demurrer or does it constitute an estoppel against claiming the salary fixed by the board of supervisors, that being the legal salary attached to the office? We think the questions are answered in the negative in *Phillips* v. *Graham County*, 17 Ariz. 208, 149 Pac. 755. In that case, we held that a public officer was entitled to the salary fixed by law, and that his acceptance from time to time of a less amount than his salary did not preclude him from thereafter maintaining an action for any balance due him, and that a settlement for less than the salary fixed by law was not an accord and satisfaction, unless specifically made to appear so. According to the opinion in that case, demands for official salaries are not required to be presented to the board of supervisors within six months from the date of the last item, as provided in paragraph 2434, Civil Code, and an acceptance of less than the demand does not prevent the prosecution of a suit for the amount disallowed by the board, but if it should be found that official salaries, compensation of jurors and witnesses are of the character of claims that it is necessary to audit and allow under the provisions of paragraphs 2419 to 2440, inclusive, still we find a direct provision that:

"A claimant dissatisfied . . . with the amount allowed him on his account, . . . may accept the amount allowed, and sue for the balance of his claim, and such suit shall not be barred

by the accceptance of the amount allowed." Paragraph 2439, Id.

The only difference between the facts in the Phillips case and the case at bar is that in the former there was no question of the validity of the law under which the officer was paid a salary by the board of supervisors, whereas in this case the law under which appellee was paid was afterward found to be unconstitutional. In neither case was the officer receiving the salary fixed by law, but a salary fixed by the board of supervisors upon an erroneous assumption that it had been so fixed by valid legislation. The result to the officer is the same. It amounts to a substitution of a salary not fixed by law for one that was fixed by law, and whether this occurs under a misapplication of the law or the application of an invalid law ought not to affect the legal result, as we view it.

We are aware that parties may so act under an unconstitutional law as to preclude them from afterward questioning its validity. That is especially true when benefits have been sought or derived therefrom, or when to permit its unconstitutionality to be questioned would give the party some undue advantage or result in some wrong or injury to someone else. The many instances in which persons may be estopped to deny the unconstitutionality of a law are set out in 12 C. J. 769, sections 190 to 203, inclusive.

Appellant insists that *Gross* v. *Whitley,* 158 Ind. 531, 58 L. R. A. 394, 64 N. E. 25, sustains the proposition that a public officer who accepts and retains his salary under a law that is thereafter declared unconstitutional is estopped to deny its validity, or to claim additional compensation under a former statute. It is probable that the language used by the court justifies this conclusion, but it was not necessary to so decide. It was found that the law under which Gross had been paid his salary was a constitutional law, notwithstanding a former decision had declared it unconstitutional. Gross was paid his salary under the law of 1891 (Laws 1891, c. 194), whereas he claimed compensation under the law of 1879. The court said:

"The act of 1891 was constitutional, and it repealed the fee and salary law of 1879."

Later on the court said:

"He [Gross] accepted his salary under the act of 1891, and yet retains it, and, having taken the benefit of the statute, he cannot be permitted to question its validity."

Aside from this statement not being necessary to a decision of the case, we do not find the cases cited in the opinion to sustain it in point. It cannot well be affirmed that one who ignorantly or otherwise accepts a compensation under an unconstitutional law in a less amount than he was clearly entitled to receive takes a benefit under such law. The benefit arises in favor of the debtor and not the creditor.

In *Glavey* v. *United States,* 182 U. S. 595, 45 L. Ed. 1247, 21 Sup. Ct. Rep. 891, it was said (we quote from the syllabus) :

"When an office with a fixed salary has been created by statute, and a person duly appointed to it has qualified and entered upon the discharge of his duties, he is entitled, during his incumbency, to be paid the salary prescribed by statute."

The facts in this case were that Glavey was the local inspector of vessels at the port of New Orleans, and while he was filling such office he received a commission from the Secretary of the Treasury, appointing him "Special Inspector of Foreign Steam Vessels" at the same city, "without additional compensation." The law provided an annual salary for the services of a special inspector of foreign steam vessels. The Court of Claims (35 Ct. of Cl. 242) held that Glavey, "under the terms of his appointment," was precluded from demanding compensation for any services performed by him as special inspector of foreign steam vessels. The above quotation expresses the views of the United States supreme court. Justice HARLAN, who wrote the opinion, reviewed many of the cases bearing upon the question, and of one of the earlier ones he said:

"In *People ex rel. Satterlee* v. *Board of Police,* 75 N. Y. 38, 42, the question was whether the compensation of a police surgeon was that fixed by statute or that named in a resolution of a board of police under which he was appointed. He accepted the appointment and performed the duties of the office for more than two years, drawing only the salary fixed by the resolution and which was less than that fixed by statute. The court of appeals of New York, speaking by Judge MILLER—all the members of the court who voted in the case concurring—said: 'As the statute gave the salary, I think fixing the amount at a less rate, by resolution, could not make it less than the statute declared. There is no principle upon which an individual, appointed or elected to an official position, can be compelled to take less than the salary fixed

by law. The acceptance and discharge of the duties of the office, after appointment, is not a waiver of the statutory provision fixing the salary therefor, and does not constitute a binding contract to perform the duties of the office for the sum named. The law does not recognize the principle that a board of officers can reduce the amount fixed by law for a salaried officer, and procure officials to act at a less sum than the statute provides, or that such official can make a binding contract to that effect. The doctrine of waiver has no application to any such case, and cannot be invoked to aid the respondent.' ''

In *Kehn* v. *State*, 93 N. Y. 291, 294, Justice RAPALLO cited with approval the Satterlee case and said:

"At the time the appellant entered into the service his pay was fixed by law, and there is no evidence that he ever consented to a change. It was reduced by the superintendent, and for a portion of the time the appellant took the reduced pay, but that does not estop him from claiming his full pay if he was legally entitled to it." 22 R. C. L. 538, § 235.

Appellant claims that chapter 80, Laws of 1917, being "An act relating to the collection of salaries of state officers, etc., prescribing a rule of evidence and procedure in such cases, and repealing all laws and parts of laws in conflict herewith," is a bar to appellee's action. This chapter did not take effect until 90 days after the adjournment of the session of the legislature at which it was passed; it not having received the necessary approval of the Governor to make it an emergency measure. Subd. 3, § 1, art. 4, Const. The legislature adjourned March 8, 1917. Hence the act took effect June 8, 1917. The act was by its own terms prospective. It says:

"That hereafter . . . shall bring his suit therefor within ninety days after this act goes into effect. . . . "

Section 2 provides:

"If such suit has been instituted . . . within the period of time *limited* in the first section of this act. . . . "

This action was filed March 31, 1917, long before chapter 80 took effect, and is unaffected by it.

It is claimed by the appellant that of the appellee's demand $1,500 accrued during the year 1913, and $1,800 during the year 1914, and that both of these items are barred by the statute of limitations. Subdivision 3 of paragraph 709, Civil

Code of 1913, provides: "An action upon a liability created by statute, other than a penalty or forfeiture," shall be commenced and prosecuted within one year after the cause of action shall have accrued, and not afterward. The appellee claims that this statute has no application to official salaries; that they are not a liability created by statute. Salaries and fees are always statutory. In the absence of a statute providing for the payment to officers of compensation for their work, they can recover nothing. This, we believe, is the universal rule. It would seem that the salary is as much statutory as the office itself.

It is suggested that the salary in this case, having been fixed by an order of the board of supervisors, under power given the board by the Constitution, does not fall within the terms of subdivision ·3, *supra.* We think the expression "liability created by statute" is comprehensive enough to include liabilities created by constitutional authority. It was intended to cover liability imposed by some written law, either constitutional or statutory, except as limited by other provisions of paragraphs 709 to 718, inclusive, Civil Code of 1913. It meant a liability imposed by the sovereignty in contradistinction to liability growing out of tort or contract. The following cases have held that official salary, compensation, or fee is a liability created by statute: *Higby* v. *Calaveras County,* 18 Cal. 176, 180; *Banks* v. *Yolo County,* 104 Cal. 258, 37 Pac. 900; *Board of Commissioners of Graham County* v. *Van Slyck,* 52 Kan. 622, 35 Pac. 299; *People* v. *Van Ness,* 76 Cal. 124, 18 Pac. 139; *Sonoma County* v. *Hall et al.,* 132 Cal. 589, 62 Pac. 257, 312, 65 Pac. 12, 459; *Calaveras County* v. *Poe,* 167 Cal. 519, 140 ,Pac. 23; *Outwater* v. *City of Passaic,* 51 N. J. L. 345, 18 Atl. 164; *City of Indianapolis* v. *Jobes,* 57 Ind. App. 515, 107 N. E. 479. There is no liability whatever except such as is created by statute. *Monroe County* v. *Flynt,* 80 Ga. 489, 6 S. E. 173.

We think the court erred in refusing to sustain the plea of the statute of limitations to the two items mentioned.

It is also contended by appellant county that appellee's claim or demand is barred by paragraph 2439, Civil Code of 1913. This paragraph provides, in part, that:

"A claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may

sue the county therefor at any time within six months after final action of the board, but not afterwards. : . . "

The condition precedent to the right to sue by a dissatisfied claimant, as prescribed in said statute, it is not pretended exists in this case. The claims for salary were all allowed as presented. There was no allowance for a less amount than the claim or demand. The claims were not rejected in whole or in part. The facts are not as though the officer had presented a demand for what he now claims as his legal salary and the board had allowed him less than his demand. The right to sue "within six months after final action of the board, but not afterwards," as provided in said statute, seems to be predicated upon the hypothesis that the board of supervisors had rejected the claim, or some part of the claim, and that the claimant is dissatisfied. As nothing of the kind happened, his claim for salary being allowed in full as presented bimonthly or monthly, the facts upon which the six-month limitation depend, are nonexistent. It is a case of mutual mistake, where less is claimed than the law allowed, and where less is paid than the law allowed. The difference between the lawful salary and what was allowed was never presented to the board in the form of a claim, was never passed upon by the board, and was never rejected by the board. It stands as though no claim had ever been made for it. It is not the splitting of a cause of action and bringing a suit for one part and thereafter bringing another suit for the balance, and has no analogy to such.

The board of supervisors is not a court, and the filing of a claim for salary is not the bringing of a suit. The board acts purely in a ministerial capacity in passing upon claims for salaries fixed by law. *Phillips* v. *Graham County,* 17 Ariz. 208, 149 Pac. 755. The board is the legally constituted and appointed agent of the county, intrusted with the funds of the county to pay its lawful debts, and no reason is apparent why a creditor of the county whose claim is definitely fixed by law may not accept a part payment thereof from the board without forfeiting the right to demand and sue for the balance. The six-month limitation in that view has no application; there are no facts for it to operate upon. If the demand had consisted of many items subject to inquiry and investigation; if it had been unliquidated or disputed in whole or in part—a different question would be presented; that is,

a question of estoppel. Such were the cases of *Yavapai County* v. *O'Neill*, 3 Ariz. 363, 29 Pac. 430, and *Gila County* v. *Thompson*, 4 Ariz. 180, 37 Pac. 22. We have decided in the Phillips' case, *supra*, that it does not amount to accord and satisfaction where the board of supervisors and the officer are both mistaken as to the legal salary that the officer should be paid, and, in consequence, he is paid less than he is entitled to under the law.

We think it quite apparent from what we have heretofore said that it does not estop the officer from claiming his lawful salary, and to say that his salary, under the circumstances, was in part disallowed monthly or bimonthly, when he presented his claim for and was paid less than he was entitled to under the law, is to invoke a fiction, for, as a matter of fact, a claim for the full legal salary was never presented nor acted upon.

It is also demonstrable to a certainty that the limitation of six months provided in paragraph 2439, *supra*, in which suit may be brought after a claim is disallowed in whole or in part, has no application whatever to salary claims or balance for salary.

Paragraph 2434, *supra*, provides that claims against the county must be presented to the board of supervisors within six months after the last item accrues, stating minutely what the claim is for, and specifying each several item and the date and amount thereof, all duly verified, and forbids the board from considering a claim not so made and verified, and not presented within six months after the accrual of the last item thereof, but in the same paragraph it is provided that:

"Nothing herein shall be held to apply to the claims for compensation due to jurors and witnesses and for official salaries which, by some express provision of law, is made a demand against the county."

This law expressly exempts salaried officers from itemizing their claims or from swearing thereto, or from presenting a demand therefor within six months after the salary accrues. There is no time fixed by the statute within which a claim for salary shall be presented to the board of supervisors for payment; likewise jurors and witnesses. The county officer may assume that his compensation will be that fixed by

law, and that no sworn demand therefor is needed by the board of supervisors to acquaint them with the amount of compensation due.

Paragraph 2435 applies to accounts other than demands for salaries; likewise 2437, wherein all demands against the county "except for official compensation" may be passed upon by the board of supervisors.

Paragraphs 2438 and 2439 do not refer to official salaries, but to accounts or demands against the county which are required to be itemized and verified.

Paragraph 2436 empowers the board of supervisors to refuse to pay a demand against the county to any person without first deducting any indebtedness that may be due the county, or, if the claim be by an officer, the board may refuse to pay, providing the officer has neglected or refused to perform his official duty as required by law. The salaries of all county officers are a charge upon the county, and must be presented to the board of supervisors to be audited, and may not be paid out of the treasury of the county except upon an order of the board. Paragraphs 2390 and 2391.

Although it is provided by paragraph 2392 that "all county and precinct officers shall be paid their salaries in equal semi-monthly installments," there is no express provision in the statute making it the duty of an officer to demand and accept his salary semi-monthly. It is, of course, due semi-monthly, and he may demand it.

The liability of the county to the officer for his salary is statutory; and, as we have heretofore shown in this opinion, the general statute of limitations will bar an action for the recovery of salary one year after it accrues, but the provisions with reference to the presentation, itemization and verification of demands against the county, as provided in paragraph 2434, and the limitation of six months within which a dissatisfied claimant may sue, as provided in paragraph 2439, *supra*, have no application whatever to demands for salaries by county officers.

It is ordered that judgment be modified to conform with this opinion, and, as modified, affirmed.

CUNNINGHAM, C. J., and JOHN WILSON ROSS, J., concur.

On the question of applicability to unconstitutional officer of constitutional provision against increase of salary of officer during his term of office, see note in 26 L. R. A. (N. S.) 289.

As to acceptance of partial allowance of claim by public body as an accord and satisfaction, see note in 42 L. R. A. (N. S.) 121.