[Civil No. 1610. Filed January 3, 1919.]

[177 Pac. 270.]

## YUMA COUNTY, Appellant, v. JAMES T. HODGES, Appellee.

1. COUNTIES—"COUNTY OF FIRST CLASS"—ASSESSED VALUATION.—It being conceded that defendant county, from September 1, 1913, to March 15, 1917, inclusive, had property of the equalized valuation of $13,280,659.50, it was a county of the first class for the purpose of fixing salaries of county officers.

2. LIMITATION OF ACTIONS—CLAIMS FOR SALARIES—LIMITATIONS.—In suit to recover balance of salaries due officers of defendant county, trial court should in view of defense of one-year statute of limitations (Civ. Code Ariz. 1913, par. 709, subd. 3), have rendered judgment for plaintiff only for aggregate sum accruing within one year of commencement of suit.

APPEAL from a judgment of the Superior Court of the county of Yuma. Frank Baxter, Judge. Reversed and remanded, with instructions.

Mr. H. Wupperman, County Attorney, and Mr. Fred L. Ingraham, Deputy County Attorney (Mr. W. E. Ryan, of Counsel), for Appellant.

Mr. Clement H. Coleman, for Appellee.

PER CURIAM.—This action was commenced on the ninth day of May, 1917, by the appellee, as plaintiff, to recover $1,066.89, alleged to be due him as the unpaid balance of his official salary while county recorder of defendant county. The plaintiff performed the duties of said office from the first day of September, 1913, to the first day of January, 1917, for which service he received, as salary, the total sum of $6,933.11.

His second cause of action is based upon the assigned claim of A. B. Ming for the sum of $1,150.24, as unpaid balances due said Ming on account of salary as county assessor of Yuma county, from the first day of September, 1913, to and including the fifteenth day of March, 1917, for which service he received the sum of $7,349.76.

His third cause of action is based upon the assigned claim of W. D. Riley, the county treasurer of Yuma county from the first day of January, 1914, for the sum of $552.08, for unpaid balances of the salary of said officer from said January 1, 1914, to and including the fifteenth day of March, 1917, for which service said officer received, as salary, the sum of $4,968.75.

His fourth cause of action is based on the assigned claim of B. F. Hopkins for the sum of $266.66, as the unpaid balances due said B. F. Hopkins, on account of salary as member of the board of supervisors of said county from the first day of September, 1913, to and including the thirty-first day of December, 1914, during the time said Hopkins performed the duties of said office. During said period he received, on account of salary, the sum of $1,333.33.

His fifth cause of action is based upon the assigned claim of J. A. Donovan for the sum of $600 as the unpaid balances due said Donovan on account of salary as chairman of the board of supervisors of said county from the first day of January, 1915, to and including the thirty-first day of December, 1916, during which period of time said Donovan served in said office. During said period of time said Donovan received, on account of salary, the sum of $2,400.

His sixth cause of action is based upon the assigned claim of Ike Proebstel for the sum of $729.16, of which sum the sum of $666.66 is claimed as the balances due said Proebstel on account of his salary as member of the board of supervisors of Yuma county from the first day of September, 1913, to

and including the thirty-first day of December, 1916, during which period he received, on account of salary, the sum of $3,333.33, and of said sum, the claim for the sum of $62.50, as the balances due said Proebstel on account of his salary as chairman of the board of supervisors of said county from the first day of January, 1917, to the fifteenth day of March, 1917, during which last-mentioned period said Proebstel performed the duties of said office of chairman of the board of supervisors, and received, on account of salary, for his services the sum of $250.

His seventh cause of action is based upon the assigned claim of F. E. Elliott for the sum of $400, as the balances due him on account of salary as the chairman of the board of supervisors from the first day of September, 1913, to and including the thirty-first day of December, 1914, during which period the said Elliott received, on account of his salary as such officer, the sum of $1,600, also the further claim of the sum of $41.66 as a balance due the said Elliott on account of his salary as member of the board of supervisors of said county from the first day of January, 1917, to and including the fifteenth day of March, 1917, during which period of time the said Elliott performed the duties of said office and received, as salary, the sum of $208.33.

His eighth cause of action is based upon the assigned claim of John Shannsey for the sum of $441.66 as the balances due him on account of salary as a member of the board of supervisors of Yuma county from the first day of January, 1915, to the fifteenth day of March, 1917, during which period of time the said Shannsey performed the duties of said office, and received, on account of salary, the sum of $2,208.33.

The county of Yuma, during the times mentioned in the complaint, is conceded to have been a county having property of the equalized, assessed valuation of $13,280,659.50, and was therefore a county of the first class for the purpose of fixing salaries of county officers.

The defendant interposed the one-year statute of limitation (subdivision 3, par. 709, Rev. Stats. Ariz. 1913) as a defense to said several causes of action. The trial court disallowed the defense, and rendered judgment for the plaintiff for the aggregate amount of his claims. The county appeals, and assigns as error such ruling of the court.

We have decided, in *Santa Cruz County* v. *McKnight, ante,* p. 103, 177 Pac. 256, opinion filed December 31, 1918, that said statute of limitation does apply to such cases, and, when pleaded, bars a recovery of back salary due and payable a year or more prior to the commencement of the action. We adhere to that decision. The consequence is that the judgment must be vacated, and the cause remanded, with instruction to the lower court to render judgment for the plaintiff for the aggregate sum accruing within one year of the commencement of the suit.

Reversed and remanded, with instructions.