[Civil No. 1626.   Filed January 4, 1919.]

[177 Pac. 271.]

GRAHAM COUNTY, Appellant, v. R. W. SMITH, Appellee.

1. LIMITATION OF ACTIONS—SUIT FOR SALARY—LIMITATIONS.—In suit by clerk of superior court of defendant county to recover balances of salary, the court erred in denying defense of one-year statute of limitations (Civ. Code Ariz. 1913, par. 709, subd. 3), and in permitting a recovery for balances of salary accruing more than one year prior to commencement of action.

2. OFFICERS—CHANGE OF SALARY—STATUTE.—Salary of plaintiff as clerk of superior court of defendant county fixed by order of board of supervisors on February 19, 1912, was changed by Laws of 1917, chapter 61.

APPEAL from a judgment of the Superior Court of the county of Graham.   A. G. McAlister, Judge.   Vacated and remanded, with instructions.

Mr. Wiley E. Jones, Attorney General, and Mr. L. B. Whitney, Assistant Attorney General, and Mr. W. R. Chambers, County Attorney, for Appellant.

Mr. E. L. Spriggs and Mr. Lyman H. Hays, for Appellee.

PER CURIAM.—The plaintiff's salary, as clerk of the superior court of Graham county, was fixed by an order of the

board of supervisors of said county, duly made on the nineteenth day of February, 1912, at $1,750 per annum.

His salary was paid at the rate fixed, up to and including the month of February, 1913. Since the first day of March, 1913, to the thirtieth day of April, 1917, the plaintiff's salary was paid at the rate of $125 per month. This action is to recover $1,042.66⅔ as the total balance of the salary at the rate of $1,750 from the first day of March, 1913. The defendant county interposed the one-year statute of limitations (subdivision 3, par. 709, Rev. Stats. Ariz. 1913) as a defense preventing the recovery of $791.66⅔ of said total claim.

The trial court, on plaintiff's demurrer, disallowed said defense and statute as inapplicable. The court ruled that the plaintiff's salary, as fixed by the said order of the board of supervisors, was fixed by chapter 61, Laws of 1917, at the rate of $1,500 per annum. The judgment is for the plaintiff in the sum of $968.76. The county appeals.

We have decided, in *Santa Cruz County* v. *McKnight* (December 31, 1918), *ante,* p. 103, 177 Pac. 256, that the one-year statute, when pleaded, limits the recovery. Consequently the court erred in denying the defense of the county, and permitting a recovery for balances of salary accruing more than one year prior to the tenth day of May, 1917.

The court properly decided that the plaintiff's salary was changed by the act of March, 1917. *Board of Supervisors, etc.,* v. *Stephens and Wingfield* (decided December 31, 1918), *ante,* p. 115, 177 Pac. 261.

The judgment is vacated, and the cause remanded, with instructions to enter judgment for the plaintiff for the balances of his salary, not inconsistent with this opinion.