768 P.2d 674

Ray T. **GREGORY** and W.J. Danz, In their capacity as Constables of Cochise County Precincts Number 1 and 4 respectively, Plaintiffs/Appellants,

v.

V.L. **THOMPSON**, Chairman; Judith A. Gignac; and Ann S. English, all duly elected members of the board of Supervisors of Cochise County, a body Politic and Corporate of the State of Arizona in their capacities as Supervisors, Defendants/Appellees.

No. 2 CA–CV 88–0314.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 9, 1989.

Edward W. Matchett, Bisbee, for plaintiffs/appellants.

Alan K. Polley, Cochise Co. Atty. by Paul A. Smith and John A. MacKinnon, Bisbee, for defendants/appellees.

OPINION

HOWARD, Judge.

## I. FACTS

This is an appeal from a summary judgment in an action for declaratory judgment relief.

The facts are not in dispute. The appellants are constables in Cochise County. The precincts in which they were elected do not have more than 10,000 registered voters but do include a city, a town or part thereof. The legislature has provided a salary scheme only for those constables whose precincts contain more than 10,000 registered voters. See A.R.S. § 11–424.01(B). Thus, appellants' salary is set by the Cochise County Board of Supervisors pursuant to the Arizona Constitution, art. 12, § 4.[1] At least since the 1930s, constables serving in Cochise County in precincts not having more than 10,000 registered voters have been paid a salary of $12 per year.

On February 23, 1987, appellants, who were working out of their homes, wrote a letter to the board of supervisors requesting 1) a budget and expense account, 2) life and medical insurance, 3) a radio-equipped vehicle, 4) office space in the same building as the justice of the peace, 5) paid membership in the Arizona Justice of the Peace and Constables Association ($75 per year) and the Arizona Constables State Association, Inc. ($35 per year) and payment of their expenses to the yearly conferences of these associations, and 6) a decent livable salary.

The board of supervisors considered the request and responded by letter in which it first observed that because county governments were under financial stress due to shortages of revenue and the expansion of mandatory services, it was obligated to ensure that services were provided in the most efficient and least costly manner. It believed the services offered by the con-

---

1. This article provides:
   ... The Board of Supervisors of each county is hereby empowered to fix salaries for all county and precinct officers within such county for whom no compensation is provided by law, and the salaries so fixed shall remain in full force and effect until changed by general law.

stables duplicated those being offered by the sheriff's department and that the sheriff could do a better and more efficient job. The board concluded that it could not justify expenditures for constable salaries or other expenses when inadequate funds existed for the sheriff to conduct his operations. A year later, an attorney for appellants wrote the board demanding the office space, equipment and supplies currently being given to the constable in precinct No. 5 which contained more than 10,000 registered voters, plus a salary of $15,000 per year. The attorney also inquired as to the status of a proposal to extend health coverage in the county. The board replied by letter informing him that appellants were eligible for group health insurance coverage, but did not respond to the appellants' demands.

## II. CONTENTIONS OF THE PARTIES

Appellants contend that Arizona law mandates they be paid a reasonable salary and that current statutes require the board to provide them office space, support personnel, and funds to maintain the expense of such office.

The appellees contend that the courts have no role in this controversy and that appellants cannot bring an action for declaratory judgment relative to their expenses because appellants failed to follow the claim statutes.

## III. THE SALARY ISSUE

■ Under Arizona law the primary duties of a constable are to attend the courts of the justices of the peace within his precinct and to serve process within his county. A.R.S. § 22–131. All constables whose precincts include a city, town or part thereof are required to be paid a fixed and definite salary and can receive no fees for their own use. Arizona Constitution art. 22, § 17. As previously noted, because of the number of registered voters in their respective precincts, the legislature has left the fixing of appellants' salary to the board of supervisors. Appellants contend the

board is required to pay them a reasonable amount. We do not agree.

The fixing of salaries of public officers is strictly a legislative function. *Phillips v. County of Graham*, 17 Ariz. 208, 149 P. 755 (1915). The board has the power to set the salary of a public officer in any amount, even if it is unreasonable, unless prohibited by some provision of the Arizona Constitution. *County of Maricopa v. Rodgers*, 52 Ariz. 19, 78 P.2d 989 (1938). There are no such constitutional prohibitions here. Furthermore, the determination by the legislature of the amount to be paid to one of its officers can never violate the Fourteenth Amendment to the United Constitution. *Phillips v. County of Graham*, supra. The board of supervisors clearly acted within its powers in establishing appellants' salary at $12 per year and the trial court did not err in granting summary judgment on this issue.

## IV. THE EXPENSES

### A. *Availability of Declaratory Judgment Relief.*

A.R.S. § 22–132 requires the board of supervisors to pay the "actual and necessary expenses" incurred by a constable in performing his duties except for traveling expenses for the service of civil process which is paid for by the party requesting such service. See A.R.S. § 11–445(D). A constable's "actual and necessary expenses" are county charges. A.R.S. § 11–601. If the expense is more than $500 a duly presented demand must be made and allowed before payment can be made, but no such demand is necessary for amounts less than $500 nor is a demand required if all of the required documentation as prescribed in the uniform system of bookkeeping for counties is maintained to support the payment. A.R.S. § 11–621.

■ Appellees claim that declaratory relief is not available here because the proper procedure is for the constables to first incur the expense, file a verified demand and if payment is refused, file a petition for

mandamus.[2] We do not agree.

Declaratory judgment relief will be granted only when there is a justiciable issue to be decided. *Lake Havasu Resort, Inc. v. Commercial Loan Ins. Corp.*, 139 Ariz. 369, 678 P.2d 950 (App.1983). In order for a justiciable controversy to exist there must be an assertion and the complaint of a legal relationship, status or right in which the plaintiff has a definite interest and the assertion of a denial of it by the other party. *Morris v. Fleming*, 128 Ariz. 271, 625 P.2d 334 (App.1980). Appellants asserted in their complaint that they are entitled to an office, a budget and essential supplies and equipment to maintain the office and that the board has refused to give these items to them. A justiciable controversy exists.

### B. *Merits of the Claim.*

Does A.R.S. § 22–132 mean that the board of supervisors has no discretion in this matter? Must it provide the constables with office space, a secretary, an automobile, and the expenses to maintain this office even if it finds that it is unnecessary? We think not. The statute speaks in terms of "actual and necessary expenses." This means that the necessity of these expenses is left to the discretion of the board of supervisors. This court is not a super-board of supervisors and, in the absence of statutes or constitutional provisions mandating otherwise, we are not going to substitute our judgment for that of the board of supervisors. While it may be that these constables occupy no more than a ceremonial position, there are no laws that prevent this result. The board did not abuse its discretion and it was entitled to judgment as a matter of law.

AFFIRMED.

LIVERMORE, P.J., and HATHAWAY, J., concur.

---

2. The form of the demand is set forth in A.R.S. § 11–622. The requirement of a verified affidavit was eliminated by a 1963 amendment. All that is required now is a "... written itemized claim ... stating minutely what the claim is for, specifying each item, the date and amount thereof, and stating that the claim and each item thereof is justly due...."